UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| | | | |
|---|---|---|---|
| Case No. | 8:25-cv-02608-JVS-KES | Date | May 18, 2026 |
| Title | Balubhai Patel v. City of Buena Park et al | | |

Present: The Honorable **James V. Selna, U.S. District Court Judge**

| Elsa Vargas | Not Present |
|---|---|
| Deputy Clerk | Court Reporter |

| Attorneys Present for Plaintiffs: | Attorneys Present for Defendants: |
|---|---|
| Not Present | Not Present |

**Proceedings:**    **[IN CHAMBERS] <u>Order to Show Cause re. Rule 11 Sanctions</u>**

On April 22, 2026, Plaintiff Balabuhai Patel ("Patel") filed an opposition to Defendant City of Buena Park's ("Buena Park" or "City") motion to dismiss Patel's Second Amended Complaint ("SAC"). (Opp'n, Dkt. No. 23; <u>see</u> Mot., Dkt. No. 22.) Buena Park replied. (Reply, Dkt. No. 26.)

In reviewing Patel's memorandum in opposition to Buena Park's motion to dismiss the SAC, the Court found several instances of misquotes and miscites:

- Citation to "<u>Curtis, Collins & Holbrook Co. v. United States</u>, 222 U.S. 175, 186 (1911)," for which the reporter number corresponds to <u>United States v. Munday</u>, 222 U.S. 175 (1911). Neither <u>Munday</u> nor <u>Curtis</u>, properly cited at 262 U.S. 215 (1923), contain the quoted material nor discuss takings, as the citation suggests. (<u>See</u> Opp'n at 3–4; Reply at 6.)
- Citation to "<u>Weinberg v. Whatcom County</u>, 762 F.2d 711, 714 (9th Cir. 1985)," for which the reporter number corresponds to <u>Composite Technology, Inc. v. Underwriters at Lloyd's, London</u>, 762 F.2d 708 (8th Cir. 1985). Yet <u>Composite Technology</u> does not contain the pincite Patel cites to, nor does it discuss 42 U.S.C. § 1983, as the citation suggests. Further, <u>Weinberg</u>, properly cited at 241 F.3d 746 (2001), discusses Washington, not California law, failing to support Patel's argument. (<u>See</u> Opp'n at 9–10; Reply at 6–7.)

The Court notes that these inaccurate citations are copied and pasted directly from Patel's previous memorandum in opposition to Buena Park's first motion to dismiss. (<u>See</u> Dkt. No. 12.) In its order on the first motion to dismiss, this Court admonished Patel for these inaccurate legal citations and stated that it would consider sanctions, including dismissal, if he failed to correct such issues in future filings. (<u>See</u> Order, Dkt.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

Case No.    8:25-cv-02608-JVS-KES                    Date    May 18, 2026

Title    Balubhai Patel v. City of Buena Park et al

No. 14 n.1.)  Buena Park seeks disqualification on the basis of Plaintiff's repeated—and identical—inaccuracies.  (See Reply at 11-12.)

     The Court orders Patel and its counsel to show cause why they should not be sanctioned for repeatedly misquoting and misciting cases in Patel's memorandum in opposition to Buena Park's motion to dismiss the SAC.  The signatory to the memo, Frank A. Weiser, shall appear personally before the Court.  A written response shall be filed not later than noon on May 22, 2026.  Counsel shall specifically state whether AI was used in whole or in part to prepare the memorandum.  The matter will be heard at 1:30p.m. on May 26, 2026.

     **IT IS SO ORDERED.**